**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ABDULLAH RENALDO-BEY,**

      **Plaintiff,**

v.                                    Case No.  8:12-cv-1565-T-27TBM

**TOM FALLON,**
**MERCEDES-BENZ OF TAMPA,**
**BOB MURRAY, [and]**
**OFFICER HOLDER,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the pro se Plaintiff's **"Affidavit of Financial Statement Fee-Waiver"** (Doc. 2), which the Court construes as a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, which provides in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

As a preliminary matter, Plaintiff's "Affidavit of Financial Statement Fee-Waiver" wholly fails to establish proof of Plaintiff's indigency, including the failure to disclose

Plaintiff's employment and salary, number of dependants, and financial status. Therefore, the construed motion should be denied outright on those grounds.

Moreover, the Court must also determine whether Plaintiff's Amended Complaint (Doc. 5) is frivolous or fails to state a claim, and therefore is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2); *see, e.g., Moreland v. Wharton*, 899 F.2d 1168, 1169-70 (11th Cir. 1990). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Specifically, the court must evaluate the plaintiff's complaint to determine whether "the plaintiff's realistic chances of ultimate success are slight." *Moreland*, 899 F.2d at 1170.

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the opposing party is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations set forth by a plaintiff must be sufficient to raise a right to relief above the speculative level on the assumption that all allegations are true. *Id.* However, the court should construe pro se pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, pro se litigants must follow the procedural rules,

and the court is not required to rewrite a deficient pleading. *GJR Invests., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Plaintiff initially filed a Complaint on July 16, 2012 (Doc. 1), alleging ten causes of action as against Officer Holder, Tom Fallon, and Bob Murray: breach of contract, tortious negligence, deprivation of rights under color of law, conspiracy, kidnapping (sic), perjury, deprivation of human rights, treason, and fraud, deformation (sic) of character. One week later, Plaintiff filed exhibits to the Complaint. (Doc. 4). Thereafter, Plaintiff filed an Amend[ed] Complaint on August 2, 2012 (Doc. 5), adding as a defendant Mercedes-Benz of Tampa and reasserting the ten claims set forth in the initial Complaint. However, a review of Plaintiff's Amend[ed] Complaint reveals that the pleading is a rambling hodgepodge of assertions and wholly incoherent. Even under a generous reading, Plaintiff fails to support the causes of action with relevant factual allegations consistent with the requirements of Rule 8. While it is possible that Plaintiff may have a legitimate and cognizable claim in some court, the factual allegations here are a jumbled mess full of irrelevant and immaterial allegations that fail to establish the elements of any asserted cause of action against any particular person or entity or a basis for this court's jurisdiction.

For these reasons, I recommend that the Court **DISMISS** the Amend[ed] Complaint (Doc. 5) and **DENY without prejudice** Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2). It is further recommended that the Court grant Plaintiff permission to file one additional Amended Complaint which clearly sets forth a cause of action cognizable in this Court consistent with the pleading requirements of the Federal Rules of Civil Procedure

within twenty (20) days of the Court's Order, failing which may result in a dismissal of the action without further notice.[1]

>Respectfully submitted on this
>7th day of September 2012.

*[signature]*
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James D. Whittemore, United States District Judge
Pro se Plaintiff

---

[1] Plaintiff has filed similar pleadings in *Abdullah Renaldo-Bey v. Thmas R. Santurri, et al.,* Case No. 8:12-cv-1566-T-17TBM.